## In re SOLANTIKAS.

District Court, W. D. Pennsylvania. October 12, 1928.

No. 11269.

J. J. Kennedy, of Pittsburgh, Pa., and H. E. Cope, of Greensburg, Pa., for Drivass & Pappas.

Sidney J. Watts, of Pittsburgh, Pa., for creditor Raubitschek Co.

F. R. Kaplan, of Pittsburgh, Pa., for creditors and trustees in bankruptcy.

SCHOONMAKER, District Judge. This case now comes before the court on petition filed by a creditor, the Raubitschek Company, to review the findings of the referee in bankruptcy, which awarded to Peter Passas and Tom Drivas, doing business as the Sugar Bowl, the value of certain merchandise claimed by them, which was seized at their store as the property of the bankrupt.

The petition for review alleges that the referee erred: (1) In not holding that the claimants lost all rights in the premises, by reason of failure on their part to have the property claimed by them sold by the receiver distinct and separate from other goods of the bankrupt; (2) in holding that the claimants were the owners of the goods in question at the time of the bankruptcy of Solantikas.

As to the first point, it appears that the claimants acted promptly. They at once made out a claim for the return of the goods alleged to belong to them, notifying the receiver in bankruptcy of the filing of their petition, and, notwithstanding the receiver's notice of the claim, the goods in question were sold in bulk with other goods of the bankrupt. Under those circumstances, the claimants did not lose their rights to reclaim the value of the goods because of the failure on the part of the receiver to return the goods to them, or to have them sold separately in order that their precise value might thereby be ascertained. To this claim the referee has fairly apportioned its pro rata part of the purchase money received for the bankrupt's property, and the claimants have not lost their rights to relief merely because they did not secure a separate sale of the property in question.

Turning to the next question, the referee has found, as a matter of fact, that the claimants were the owners of the goods in question at the time of the filing of the petition in bankruptcy. There is ample evidence in the case upon which to base such a finding, and the evidence on the other side is very slight. The referee heard the testimony, saw the witnesses, and his conclusions as to the facts should control. We find no error on his part in holding that the claimants were the owners of the goods sought to be recovered by the petition filed herein.

For these reasons, the report of the referee in bankruptcy must be affirmed. An order may be entered accordingly.